## Commonwealth v. J.T.

*Elizabeth Doyle, assistant district attorney,* for the Commonwealth.
*Donald E. Speice,* for defendant.

CARPENTER, *J.,* August 24, 1994—This matter comes before the court on the Commonwealth's petition requesting that we order the results of blood work and testing done on J.T. by and through the Blair County Prison be released to the Blair County District Attorney's office pursuant to the HIV Related Information Act cited at 35 P.S. §7601 et seq. the Commonwealth argues they are entitled to the blood testing under section 7608 of title 35 which states as follows:

"(a) Order to Disclose—No court may issue an order to allow access to confidential HIV related information unless the court finds, upon application, that one of the following conditions exists:

"(1) The person seeking the information has demonstrated a compelling need for that information which cannot be accommodated by other means."

We agree the Commonwealth is entitled to the requested information. In so holding, we are directed

to the statements relative to legislative intent contained in section 7602 of the Act:

"The General Assembly finds that the incidence of Acquired Immune Deficiency Syndrome (AIDS) is increasing in this Commonwealth at a significant rate. Controlling the incidence of this disease is aided by providing testing and counseling activities for those persons who are at risk of exposure to or who are carrying the Human Immunodeficiency Virus (HIV), which is the causation agent of AIDS. Testing and counseling are promoted by establishing confidentiality requirements which protect individuals from inappropriate and subsequent misuse of confidential HIV related information."

The purpose of the Act as we interpret section 7602 clearly indicates a philosophy on the part of our legislature to encourage testing and counseling, as a way of preventing the spread of this disease by establishing a system of early warning and by making such disclosures as are necessary.

As between the competing interest of the state in preventing the spread of the disease and an individual's privacy interest we find the language of the Supreme Court in the case of *In re Application of the Milton S. Hershey Medical Center of the Pennsylvania State University,* 535 Pa. 9, 634 A.2d 159 (1993) significant. We quote it as follows:

"Disclosure did not undermine the policy favoring confidentiality which was established by the legislature. *Confidentiality was not the purpose of the Act,* but rather was the means chosen by the legislature to further the Act's goal of limiting the spread of HIV and AIDS.

*The legislature expressly contemplated that disclosures of HIV-related information would be made.* Indeed, the legislature expressly provided that disclosure was permissible under a variety of enumerated circumstances, including circumstances of compelling need. 35 P.S. §§7607(a)(10), 7608(a) *supra.* No principle is more' deeply imbedded in the law than that expressed in the maxim, 'salus populi suprema lex,' ... (The welfare of the people is the supreme law), and a more compelling and consistent application of that principle than the one presented would be quite difficult to conceive.". *Id.* at 17-18, 634 A.2d at 163. (emphasis added)

It appears to this court that were we to suppress this evidence by determining that confidentiality exists that we would have defeated the legislature's paramount intent; namely, discouraging the spread of this virus. We would do this by creating a shield for all those charged with any crime where their status as an HIV infected individual might be relevant to criminal charges. The primary purpose of the criminal law is to deter certain behaviors. The creation of a shield would not deter the spread of the HIV virus and, in fact, might give special status to defendants whose blood tests and blood work might otherwise be ordered by the court routinely as outside the Fifth Amendment privilege against self-incrimination.

We are directed by section 7608(c) in assessing compelling need to weigh the need for disclosure against the privacy interest of the individual and the public interest which may be harmed by disclosure. It is our considered belief that the Commonwealth's interest in deterring the type of conduct alleged parallels the legislature's intent in the significant respect that both are

designed to deter the spread of this disease and that that proposition outweighs any privacy interest which this individual defendant possesses. Accordingly, we conclude that a compelling need exists in the instant case. Further, there is no other means of accommodating that compelling need other than disclosure.

## ORDER

Now, August 24, 1994, it is hereby ordered, directed and decreed that the Commonwealth's petition is hereby granted and that the test results are to be made available forthwith. Consistent with the above—defense counsel's motion to seal the record is denied.